The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Emilia Espinoza

### DEFENDANTS

City of Levelland Police Department, City of Levelland, Et Al.

**(b)** County of Residence of First Listed Plaintiff   Denver, Colorado
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   Hockley, Texas
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Law Offices of Pacheco & Wake
Normando Pacheco
14201 East 4th Avenue, Suite 100, Aurora, CO, 80011

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1   U.S. Government Plaintiff
- ☒ 3   Federal Question *(U.S. Government Not a Party)*
- ☐ 2   U.S. Government Defendant
- ☐ 4   Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff, and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☒ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

### CONTRACT
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

### REAL PROPERTY
- ☒ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

### TORTS

**PERSONAL INJURY**
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Personal Injury - Medical Malpractice

**PERSONAL INJURY**
- ☐ 365 Personal Injury - Product Liability
- ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

### CIVIL RIGHTS
- ☒ 440 Other Civil Rights
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 448 Education

### PRISONER PETITIONS
**Habeas Corpus:**
- ☐ 463 Alien Detainee
- ☐ 510 Motions to Vacate Sentence
- ☐ 530 General
- ☐ 535 Death Penalty
**Other:**
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition
- ☐ 560 Civil Detainee - Conditions of Confinement

### FORFEITURE/PENALTY
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 690 Other

### LABOR
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Management Relations
- ☐ 740 Railway Labor Act
- ☐ 751 Family and Medical Leave Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Employee Retirement Income Security Act

### IMMIGRATION
- ☐ 462 Naturalization Application
- ☐ 465 Other Immigration Actions

### BANKRUPTCY
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

### PROPERTY RIGHTS
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

### SOCIAL SECURITY
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

### FEDERAL TAX SUITS
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

### OTHER STATUTES
- ☐ 375 False Claims Act
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 893 Environmental Matters
- ☐ 895 Freedom of Information Act
- ☐ 896 Arbitration
- ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C § 1983, Et. Seq

Brief description of cause:
Civil Rights Wrongful Death

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $   $5,000,000

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

NONE   *(See instructions):*

JUDGE _____   DOCKET NUMBER _____

DATE   1-20-16

SIGNATURE OF ATTORNEY OF RECORD   *Normando Pacheco*

FOR OFFICE USE ONLY

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

# 5296 Colo

# IN THE UNITED STATES DISTRICT COURT FOR THE
## DISTRICT OF NORTHERN TEXAS

Civil Action No.

**EMILIA ESPINOZA Individually, and EMILIA ESPINOZA as Widow of JOSE
ANTONIO ESPINOZA**

          Plaintiff.

   vs.

**LEVELLAND POLICE OFFICERS: Raol Ortega Lopez ,Jordan Kase Donahue, Justin Ty
Land and Chief of Police Toney Cowan Individually, and Severally, and LEVELLAND
POLICE DEPARTMENT, CITY AND COUNTY OF LEVELLAND, LEVELLAND
POLICE DEPARTMENT, and CITY OF LEVELLAND,**

          Defendants.

---

## PLAINTIFF'S COMPLAINT

---

COMES NOW Emilia Espinoza, by and through the undersigned counsel, and for its

Complaint in this matter, shows the Court the following:

### JURISDICTION AND VENUE

1.      This action arises under the United States Constitution and Federal law under 28

U.S.C. §§ 1331, 1337, 1343(a), and 1367(a); 42 U.S.C. §§ 1983, 1985, 1986, and 1988; and 18

U.S.C. §§ 1961-1968. This court has jurisdiction:

      a.    Plaintiff's claims arising under the United States Constitution and federal  law

               pursuant  to Title 42 U.S.C. § 1983;

1

     b.   To award attorney's fees pursuant to Title 42 U.S.C. § 1988.

   2.     Venue is proper in the United States District Court for the District of Lubbock County because this claim arose within this District. Each and all of the acts alleged herein were done by the Defendants under the color and pretense of state law, statutes, ordinances, regulations, and customs.

## PARTIES

   3.     Plaintiff was a resident of Levelland, Texas at the time of the incident.

   4.     Plaintiff Emilia Espinoza is the wife of Decedent.

   5.     Defendant's Raol Ortega Lopez is an officer of Levelland, Texas who shot and killed Jose Espinoza.

   6.     Defendant Jordan Kase Donahueis an officer of Levelland, Texas who shot and killed Jose Espinoza.

   7.     Defendant Justin Ty Land is an officer of Levelland, Texas who shot and killed Jose Espinoza.

   8.     Defendant City of Levelland Police Department trained the officers involved in the death of Jose Espinoza.

   9.     Defendant Gregg Stevens trained the officers and/or put into effect the policies and procedures that led to the death of Jose Espinoza.

   10.    Defendants Raol Ortega Lopez, Jordan Kase Donahue, and Justin Ty Land, at all times material to this compliant, duly appointed City of Levelland police officer's acting in their official capacity, within the course and scope of their employment, and acting under color of law.

11.     Defendant City of Levelland is a Municipal Corporation, organized under the laws of the State of Texas. It is responsible for the policies, procedures, and practices implemented through its various agencies, agents, departments, and employees, and for injury and death occasioned thereby. It was also the public employer of Defendants Raol Ortega Lopez, Jordan Kase Donahue, and Justin Ty Land at all times relevant to this Complaint.

12.     Plaintiff sues all public employees in their official and individual capacities

13.     At all times material to this Complaint, the actions of Defendants Raol Ortega Lopez, Jordan Kase Donahue, and Justin Ty Land toward Jose Espinoza were under color of the statutes, ordinances, customs, and usage of the State of Texas, City of Levelland, and the Levelland Police Department.

## INTRODUCTION

14. This is an action for Constitutional violations and state law personal injuries suffered by Plaintiff as a result of the personal injury, and wrongful death of Plaintiff's decedent, Jose Espinoza. Plaintiff brings this action for compensatory damages under 42 U.S.C. §1983 because Defendants jointly and severally deprived Decedent of his federally-protected right to be free from unreasonable seizure and unreasonable force. U.S. CONST. amends. IV, XIV.

15. As a direct result of the policies, practices, customs and procedures of the City of Levelland, Decedent Jose Espinoza was intentionally deprived of his constitutional right to be free from unreasonable searches and seizures guaranteed to him by the Fourth Amendment to the United States Constitution. Defendant Raol Ortega Lopez, Jordan Kase Donahue, and Justin Ty Land, police officers acting in the course and scope of their employment with the City of Levelland, and acting under color of state law, unjustifiably

3

shot and killed Jose Espinoza. Under long established law on excessive deadly force,

Officers Raol Ortega Lopez, Jordan Kase Donahue, and Justin Ty Land are not entitled to

qualified or other immunity for these actions.

## JURISDICTION AND VENUE

16. This action brought pursuant to 42 U.S.C. § 1983 and §1988 and the Fourth

   Amendment to the United States Constitution, made applicable to Defendants through

   the Fourteenth Amendment to the United States Constitution. This court has

   jurisdiction over the Plaintiffs' claim under 28 U.S.C. §1331 and under 28 U.S.C.

   §1342(3). This court further has jurisdiction over Plaintiffs state law claims under 28

   U.S.C. §1367 as those claims form part of the same case or controversy under Article

   III of the United States Constitution.

17. Venue lies in the U.S. Northern District of Texas, the district in which the claim arose,

   pursuant to 28 U.S.C. § 1391(b).

## SUMMARY OF FACTS

18. On or about 7:00 AM on January 23, 2015, members of the Levelland Police

   Department responded to a call by Emilia Espinoza on a cell phone. The call was

   "pinged" to 15th Street and Avenue A. The content of the phone call indicated that the

   woman was" extremely upset" and screaming on the phone.

19. Raol Ortega Lopez, Jordan Kase Donahue, and Justin Ty Land had just started a shift

   and were dispatched to the Espinoza residence at 111 Avenue A, #B, Levelland, TX

   79336.

20. Officers took a lengthy time arriving at the Espinoza residence. When Raol Ortega

   Lopez, Jordan Kase Donahue, and Justin Ty Land arrived they found Jose Espinoza on

   the front porch of the house. The officers allege that Jose Espinoza threatened them

"with a weapon". Police Chief Toney Cowan, although not on the scene, has described that weapon as a knife.

21. Officers fired their handguns at Jose Espinoza an undisclosed number of times.

22. Defendants failed to provide prompt medical care to the Decedent.

23. Jose Espinoza died at about 8:00AM in the emergency room at Covenant Hospital Levelland.

24. The Levelland Police Department has not been forth coming with facts about the incident, including the most basic as to who was involved. Officers Raol Ortega Lopez, Jordan Kase Donahue, and Justin Ty Land have been placed on administrative leave with pay.

## FIRST CLAIM FOR RELIEF

### (*Monell* Claim Against City and County of Levelland)

25. Plaintiff incorporates by this reference the allegations set forth in all preceding paragraphs, as if those allegations were set forth fully herein.

26. The deprivation of constitutional rights, as above alleged, occurred as a result of, during, or as a consequence of the execution of the policies, customs, or usages of the City and County of Levelland, representing a deliberate or conscious choice by the defendant municipalities adopted or maintained in deliberate indifference to the rights and interests of its citizens, including deliberate indifference to the citizens' health, and/or safety, and which ratify unlawful acts and omissions by its officers.

27. These policies, customs, or usages of the defendant City and County of Levelland deprived the decedent of his rights, security, and liberties guaranteed to him by the constitution of the United States, made actionable pursuant to 42 U.S.C. § 1983 and *Monell v. Department of Social Services*, 436 U.S. 658, 98 S.Ct. 2018, 56 E. Ed.2d

611 (1978) as elsewhere enumerated in this Complaint.

28. The policies, customs and usages of the City and County of Levelland constituted deliberate indifference and deprived Mr. Espinoza of the following rights and freedoms guaranteed by the Constitution of the United States, and made actionable pursuant to 42 U.S.C. § 1983:

    a. The right to be secure, in his person and house, against unreasonable seizure as guaranteed by the Fourth Amendment;

    b. The right not to be deprived of his life and liberty without due process of law, as guaranteed by the Fifth Amendment; and

    c. The right not to have cruel and unusual punishment inflicted, as guaranteed by the Eighth Amendment.

29. As a direct and proximate result of the above deliberate indifference and violations of constitutional rights, the plaintiff has suffered actual physical and emotional injuries and loss of consortium in an amount to be proven at trial.

WHEREFORE, Plaintiff demands judgment against all the Defendants jointly and severally, for actual, general, special, and compensatory damages in the amount sufficient to compensate for losses described in this Complaint, and further demands judgment against each of said Defendants, jointly and severally, for punitive damages, plus the costs of this action, including attorney fees, both pre-judgment and post judgment interest, and such other relief deemed to be just and equitable.

## SECOND CLAIM FOR RELIEF

**(Against Defendant's  Raol Ortega Lopez, Jordan Kase Donahue, and Justin Ty Land**

**Pursuant to 42 U.S.C. §1983)**

30. Plaintiff incorporates by this reference the allegations set forth in all preceding paragraphs, as if those allegations were set forth fully herein.

31. The defendant police officers used excessive force with resulted in the ultimate death of Jose Espinoza. The acts and omissions of the officers constituted deliberate indifference and deprived decedent of the following rights and freedoms guaranteed by the Constitution of the United States, and made actionable pursuant to 42 U.S.C. §1983:

   a. The right to be secure in his person, and house against unreasonable seizure, as guaranteed by the Fourth Amendment;

   b. The right not to be deprived of his life or liberty without due process of law, as guaranteed by the Fifth Amendment, and

   c. The right not to have cruel and unusual punishment inflicted, including death, as guaranteed by the Eighth Amendment.

32. As a direct and proximate result of the above deliberate indifference and violations of constitutional rights, together with the objectively unreasonable use of force, Plaintiff has suffered damages and injuries, including grief, loss of companionship and solace, impairment of the quality of life, and loss of future income, in an amount to be proven at trial.

33. As a result of the above and foregoing, plaintiff seeks an award of compensatory, and special damages, attorney's fees pursuant to 42 U.S.C. §1988, costs, expert witness fees, and legal interest from the date of the officer's actions and omissions.

WHEREFORE, Plaintiff demands judgment against all Defendants jointly and severally, for actual, general, special, and compensatory damages in the amount of sufficient to compensate for losses described in this Complaint, and further demands judgment against each of

7

said Defendants, jointly and severally, for punitive damages, plus the costs of this action,

including attorney's fees, both pre-judgment and post judgment interest, and such other relief

deemed to be just and equitable.

## THIRD CLAIM FOR RELIEF

### (Violations of 42 U.S.C. § 1983: Excessive Force During Search and Seizure)

34. Plaintiff incorporates by this reference the allegations set forth in all preceding
    paragraphs, as if those allegations were set forth fully herein.

35. The Fourth Amendment of the United States Constitution protects individuals against
    unreasonable searches and seizures.

36. Defendants  Raol Ortega Lopez, Jordan Kase Donahue, and Justin Ty Land seized the
    decedent for Fourth Amendment purposes when they arrived at his house and
    confronted him in a hostile manner, soon after pulling their weapons and killing Jose
    Espinoza. Mr. Espinoza, a questionably armed, distressed fifty-five year old man who
    posed no physical threat to any person, especially police officers from a distance.

    WHEREFORE, Plaintiff demands judgment for the unreasonable force applied

against him when being seized and searched against all the Defendants jointly and severally, for

actual, general, special, and compensatory damages in the amount of sufficient to compensate for

losses described in this Complaint, and further demands judgment against each of said

Defendants, jointly and severally, for punitive damages, plus the costs of this action, including

attorney's fees, both pre-judgment and post judgment interest, and such other relief deemed to be

just and equitable.

## FOURTH CLAIM FOR RELIEF

### (Constitutional Violations of Failure to Properly Train and Supervise)

37. Plaintiff incorporates by this reference the allegations set forth in all preceding

paragraphs, as if those allegations were set forth fully herein.

38. The Chief of Police of the City of Levelland, Gregg Stevens, is a policy maker for the Police Department and, in that capacity, establish policies, procedures, customs, and/or practices for its police officers.

39. The Raol Ortega Lopez officers, under the oversight of the Chief of Police, are responsible for the training and supervision of officers of the Levelland Police Department., including but not limited to Defendants Jordan Kase Donahue, and Justin Ty Land .

40. The policies, procedures, customs and/or practices established by the Chief of Police and imparted by the Raol Ortega Lopez, Jordan Kase Donahue, and Justin Ty Land supervising officers are implemented by officers of the Levelland Police Department.

41. The Chief of Police of the City of Levelland developed and maintained policies, procedures, customs, and practices exhibiting a deliberate indifference to the constitutional rights of persons in the City of Levelland, which caused the violation of Mr. Espinoza's constitutional rights, as set forth above.

42. The Sergeant Ty Land failed to adequately train and supervise officers of the Levelland Police Department with respect to the use of force, which failure caused the violation of Mr. Espinoza's constitutional rights as set forth above.

43. Defendants and the City of Levelland were aware of the lack of training given to officers in the Levelland Police Department in detailing with members of the public, to be free from constitutional violations committed as described in this Complaint.

44. If any training was given to police officers regarding civil rights of members of the public to be free from constitutional violations, the Defendants knew that such training was reckless or grossly negligent and that further misconduct in that area was almost

9

inevitable.

45. The infliction of injuries and deprivation of constitutional rights to the Plaintiff occurred as a result of or as a consequence of the execution of the policies, procedures, customs, or usages of the Defendant City, policies representing a deliberate or conscious choice by the Defendant City, adopted or maintained in deliberate indifference to the rights and interests of its citizens, and which ratify unlawful acts by its officers, including but not limited to the following policies, customs or usages concerning the use of excessive force:

    a. A policy of providing inadequate training in the use of excessive force through the failure to require constitutionally adequate training;

    b. A policy of non-prosecution and a tacit authorization of the use of force by its officers involved in incidents of excessive force leading to great bodily injury or death;

    c. A policy, custom or usage of failure to discipline, sanction, or discharge officers involved in unjustified police brutality, including the failure to terminate or even sanction or reprimand police officers resulting in the practical and legal effect of ratification by the Defendant City, endorsing the irresponsible use of force as part of a tacit City policy of condoning such irresponsibility'

    d. A policy of condoning and permitting the exercise of excessive force by police officers, regardless of the circumstances;

    e. A "cover-up" policy following police beatings and killings; and

    f. A failure to follow up and discipline officers who have been found responsible in excessive force situations

10

46. Defendants had a statutorily imposed duty to protect the constitutional rights of the members of the public, including the decedent, from violations of those rights by members of the Police Departments. By failing to properly train such officers, including Defendants Raol Ortega Lopez, Jordan Kase Donahue, and Justin Ty Land , these Defendants violated Mr. Espinoza's constitutional rights.

47. The direct result of Defendants' failure to train was the violation of Mr. Espinoza's rights, as previously described herein, resulting in Plaintiff's pain and suffering.

48. A city may be held liable for its failure to train a single police officer when the officer's acts were so egregious that the city should have had clear warning that the particular officer posed a danger to citizens. See Pineda v. City of Houston, 124 F. Supp. 2d 1057,1068 (S.D. Tex.2000).

49. With respect to Officer Raol Ortega Lopez, Jordan Kase Donahue, and Justin Ty Land the need for additional or different training was obvious. The City knew that Officer Raol Ortega Lopez, Jordan Kase Donahue, and Justin Ty Land was likely to engage in other acts of excessive force, yet the city did nothing. By failing to discipline, supervise, or train Defendant's Raol Ortega Lopez, Jordan Kase Donahue, and Justin Ty Land, the City authorized or ratified Officer's Raol Ortega Lopez, Jordan Kase Donahue, and Justin Ty Land wrongful acts both by acceptance of acts prior to and including those that caused Jose Espinoza's Death.

50. With respect to Officer Raol Ortega Lopez, Jordan Kase Donahue, and Justin Ty Land the need for additional or different training was obvious. The City knew that Officer Raol Ortega Lopez, Jordan Kase Donahue, and Justin Ty Land was likely to engage in other acts of excessive force, yet the city did nothing. By failing to discipline, supervise, or train Defendant Raol Ortega Lopez, Jordan Kase Donahue, and Justin

11

Ty Land , the City authorized or ratified Officer's Raol Ortega Lopez, Jordan Kase Donahue, and Justin Ty Land wrongful acts both by acceptance of acts prior to and including those that caused Jose Espinoza's Death.

51. The City's acts and omissions, when viewed objectively, involved an extreme degree of risk, considering the probability and magnitude of harm to others. The City had actual, subjective awareness of the risks involved, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of others including Jose Espinoza and the Plaintiffs.

52. In light of the particular risk posed by Officers Raol Ortega Lopez, Jordan Kase Donahue, and Justin Ty Land 2, the City's failure to train Raol Ortega Lopez, Jordan Kase Donahue, and Justin Ty Land constitutes gross negligence and/or deliberate and conscious indifference to the rights, safety, and welfare of others, including Decedent and Plaintiffs.

WHEREFORE, Plaintiff demands judgment for the failure to train and supervise against the City of Levelland for actual, general, special, and compensatory damages in the amount of sufficient to compensate for losses described in the complaint, and further demands judgment against each of said Defendants, jointly and severally, for punitive damages, plus the costs of this action, including attorney's fees, both prejudgment and post judgment interest, and such other relief as deemed to be just and equitable. Further, Plaintiff requests a jury trial as to all issues.

## FIFTH CLAIM FOR RELIEF

### (Violations of 42 U.S.C §1983 Conspiracy)

53. Plaintiff incorporates by this reference the allegations set forth in all preceding paragraphs, as if those allegations were set forth fully herein.

12

54. As a result of the concerted unlawful and malicious conspiracy of Defendants John

Raol Ortega Lopez, Jordan Kase Donahue, and Justin Ty Land , Mr. Espinoza was

deprived of both his liberty without due process of law and his right to equal

protection of the laws, and the due course of justice was impeded, in violation of the

Fifth and Fourteenth Amendments of the Constitution of the United States and 42

U.S.C § 1983 and 1985.

WHEREFORE, Plaintiff demands judgment for the conspiracy against all defendants jointly and

severally, for actual, general, special, and compensatory damages in the amount of sufficient to

compensate for losses described in this Complaint, and further demands judgment against each of

said Defendants, jointly and severally, for punitive damages, plus the costs of this action,

including attorney fees and costs, both prejudgment and post judgment interest, and such other

relief deemed to be just and equitable.

## SIXTH CLAIM FOR RELIF

### (Violations of 42 U.S.C. §1983 Refusing or Neglecting to Prevent)

55. Plaintiff incorporates by this reference the allegations set forth in all preceding

paragraphs, as if those allegations were set forth fully herein.

56. At all times relevant to this Complaint, Defendants  Raol Ortega Lopez, Jordan Kase

Donahue, and Justin Ty Land , as police officers of the Levelland Police Department,

were acting, respectively, under the direction and control of Defendant City of

Levelland.

57. Acting under color of law and pursuant to official policy or custom, the city of

Levelland knowingly, recklessly, or with gross negligence failed to instruct, supervise,

control, and discipline on a continuing basis Defendant police officers in their duties

to refrain from:

13

a. Unlawfully and maliciously harassing a citizen who was acting in accordance with his constitutional and statutory rights, privileges, and immunities;

b. Unlawfully and maliciously arresting a citizen who was acting in accordance with his constitutional and statutory rights, privileges, and immunities;

c. Conspiring to violate the rights, privileges, and immunities guaranteed to plaintiff by the Constitution and laws of the United States and the laws of the State of Colorado; and

d. Otherwise depriving Plaintiff of his constitutional and statutory rights, privileges, and immunities

58. Defendants Raol Ortega Lopez, Jordan Kase Donahue, and Justin Ty Land , and the City of Levelland had knowledge or, had they diligently exercised their duties to instruct, supervise, control, and discipline on a continuing basis, should have had knowledge that the wrongs conspired to be done, as heretofore alleged, were about to be committed. Defendants Raol Ortega Lopez, Jordan Kase Donahue, and Justin Ty Land and the City of Levelland had power to prevent or aid in preventing the commission of said wrongs, could have done so by reasonable diligence, and knowingly, recklessly or with gross negligence failed or refused to do so.

59. Defendants Raol Ortega Lopez, Jordan Kase Donahue, and Justin Ty Land , and City of Levelland directly or indirectly, under color of law, approved or ratified the unlawful, deliberate, malicious, reckless, and wanton conduct of Defendant police officers heretofore described.

60. As a direct and proximate cause of the negligent and intentional acts of Defendants Raol Ortega Lopez, Jordan Kase Donahue, and Justin Ty Land and City of Levelland as set forth in paragraphs above, Mr. Espinoza suffered death and was not afforded

medical care in connection with the deprivation of his constitutional and statutory

rights guaranteed by the Fifth and Fourteenth Amendments of the Constitution of the

Unites States and protected by 42 U.S.C. §1983.

WHEREFORE, Plaintiff demands judgment against all the Defendants jointly, individually and

severally, for actual, general, special, and compensatory damages in the amount of sufficient to

compensate for losses described in this Complaint, and further demands judgment against each of

said Defendants, jointly and severally, for punitive damages, plus the costs of this action,

including attorney fees and costs, both prejudgment and post judgment interests, and such other

relief deemed to be just and equitable.  Further Plaintiff requests a jury trial as to all issues.

### PRAYER FOR RELIEF

Wherefore, Plaintiff prays for relief as follows:

1. Award compensatory and punitive damages in an amount to be determined at trial, but not
   less than $5,000,000.00;

2. Interest, both pre-judgment and post-judgment, as  allowed by law;

3. Award attorney fees and costs pursuant to 18 U.S.C.§1988.

4. Grant such other relief as the interests of justice require.

/S/ Normando Pacheco

15

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

### for the

Northern District of Texas

| | | |
|---|---|---|
| Emilia Espinoza | ) | |
| | ) | |
| | ) | |
| | ) | |
| *Plaintiff(s)* | ) | |
| v. | ) | Civil Action No. |
| Levelland Police Department | ) | |
| Justin Ty Land | ) | |
| | ) | |
| | ) | |
| | ) | |
| *Defendant(s)* | ) | |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)* Levelland Police Department
1310 Avenue H
Levelland, TX, 79336


A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:


If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.


*CLERK OF COURT*

Date: _____

_____
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Northern District of Texas

| | | |
|---|---|---|
| Emilia Espinoza | ) | |
| | ) | |
| | ) | |
| | ) | |
| *Plaintiff(s)* | ) | |
| v. | ) | Civil Action No. |
| Levelland Police Department | ) | |
| Raol Ortega Lopez | ) | |
| | ) | |
| | ) | |
| | ) | |
| *Defendant(s)* | ) | |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)* Levelland Police Department
1310 Avenue H
Levelland, TX, 79336

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____

_____
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

| Northern District of Texas |

| | |
|---|---|
| Emilia Espinoza | ) |
| | ) |
| | ) |
| | ) |
| _Plaintiff(s)_ | ) |
| v. | ) |
| Levelland Police Department | ) |
| Jordan Kase Donahue | ) |
| | ) |
| | ) |
| | ) |
| _Defendant(s)_ | ) |

Civil Action No.

## SUMMONS IN A CIVIL ACTION

To: _(Defendant's name and address)_ Levelland Police Department
1310 Avenue H
Levelland, TX, 79336

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

_CLERK OF COURT_

Date: _____

_____
_Signature of Clerk or Deputy Clerk_

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Northern District of Texas

| | | |
|---|---|---|
| Emilia Espinoza | ) | |
| | ) | |
| | ) | |
| | ) | |
| _____ | ) | |
| *Plaintiff(s)* | ) | |
| v. | ) | Civil Action No. |
| Levelland Police Department Et Al. | ) | |
| | ) | |
| | ) | |
| | ) | |
| _____ | ) | |
| *Defendant(s)* | ) | |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)* Levelland Police Department
1310 Avenue H
Levelland, TX, 79336

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____

_____
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

### for the

Northern District of Texas

| | |
|---|---|
| Emilia Espinoza | ) |
| | ) |
| | ) |
| | ) |
| _Plaintiff(s)_ | ) |
| v. | ) |
| Levelland Police Department | ) |
| Chief of Police, Toney Cowan | ) |
| | ) |
| | ) |
| | ) |
| _Defendant(s)_ | ) |

Civil Action No.

## SUMMONS IN A CIVIL ACTION

To: _(Defendant's name and address)_ Levelland Police Department
1310 Avenue H
Levelland, TX, 79336

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

_CLERK OF COURT_

Date: _____

_____
_Signature of Clerk or Deputy Clerk_

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
### for the

Northern District of Texas

| | |
|---|---|
| Emilia Espinoza | ) |
| | ) |
| | ) |
| | ) |
| Plaintiff(s) | ) |
| v. | ) |
| City of Levelland Mayor's Office | ) |
| Mayor Barbara Pinner | ) |
| | ) |
| | ) |
| | ) |
| Defendant(s) | ) |

Civil Action No.

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*  City of Levelland Mayor's Office
1709 Avenue H
Levelland, TX, 79336

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____

_____
*Signature of Clerk or Deputy Clerk*